**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30273 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00032-RRB |
| v. | |
| STEVEN N. TAYLOR, a.k.a. Louis V, a.k.a. Nicky, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Steven N. Taylor appeals from the district court's judgment and challenges

the 180-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute and possess with intent to distribute cocaine, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 841(b)(1)(A)(ii) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Taylor contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve his objections to the four-level leadership enhancement under U.S.S.G. § 3B1.1(a).  He also argues that the evidence was insufficient to support the enhancement.

As an initial matter, we reject the government's argument that this appeal should be dismissed.  The appeal waiver in the applicable plea agreement was conditioned upon the court imposing a sentence within or below the guideline range corresponding to a total offense level of 27.  Because the court imposed a sentence above that range, the waiver is unenforceable.  *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009).  Furthermore, the issue of the leadership enhancement was not resolved by this court's dismissal of Appeal No. 15-30272 because, contrary to the government's argument, the enhancement was also predicated on Taylor's conduct in this case.

With respect to the merits, the district court's adoption of the facts in the presentence report and its statement that the facts therein were sufficient to support the enhancement satisfied Rule 32.  *See United States v. Ingham*, 486 F.3d 1068, 1075-76 (9th Cir. 2007).  Moreover, under the circumstances of this case, the

15-30273

district court did not abuse its discretion in imposing the enhancement. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (district court's application of the Guidelines to the facts is reviewed for abuse of discretion); *Ingham*, 486 F.3d at 1075 (four-level leadership enhancement is warranted where defendant's role is "that of organizing or leading a drug distribution conspiracy").

**AFFIRMED.**